UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN TARDO** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-296** |
| **INTEGON NATIONAL INSURANCE COMPANY** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Integon National Insurance Company ("Integon").[1] Plaintiff Jonathan Tardo ("Tardo") opposes the motion.[2] For the reasons below, the Court grants Tardo leave to file an amended complaint.

## I. BACKGROUND

This case arises from a property insurance claim made by Tardo after his property sustained damage from Hurricane Ida.[3] Plaintiff alleges that Integon underpaid covered damages and adjusted his claim in bad faith.[4]

Tardo's property, a home in Destrehan, Louisiana, is mortgaged by Bank of America, N.A. ("Bank of America").[5] Tardo inherited the property from his deceased mother. Bank of America purchased an insurance policy from Integon to protect its interest in the home because Tardo did not provide them with evidence that he

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 9.
[3] R. Doc. No. 1-1.
[4] *Id.* at 2.
[5] R. Doc. No. 5-3.

1

purchased property insurance himself.[6] Though Bank of America purchased the policy, it passed the cost along to Tardo.[7] The named insured on the policy is Bank of America, and Tardo is identified only as "BORROWER."[8] This type of insurance policy is called a "lender-placed" policy.

The "loss payment" provision of the policy states:

> [Integon] will adjust each LOSS with [Bank of America] and will pay [Bank of America]. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE [of the mortgage], the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER'S insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.[9]

In the instant motion, Integon asserts that Tardo is not a named insured, additional insured, or third-party beneficiary under the policy and therefore lacks standing to enforce the insurance contract.[10]

## II.   STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[6] *Id.* at 2.
[7] *Id.* ("We charged the Lender-Placed Hazard Insurance coverage to the account as an additional debt secured by the mortgage[.]").
[8] R. Doc. No. 5-4, at 12.
[9] *Id.* at 17.
[10] R. Doc. No. 5, at 1.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

When considering a motion to dismiss, the court is generally limited to the factual allegations contained in the complaint and any attachments. *See Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 839 (5th Cir. 2004) ("Although the court may not go outside the complaint, the court may consider documents attached to the complaint."). However, the court may expand its review to consider attachments to defendant's motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Access Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993) (internal quotation mark omitted); *see also Kane Enters. v. MacGregor (USA),* 322 F.3d 371, 374 (5th Cir. 2003).

### III.   ANALYSIS

As a threshold matter, the Court notes that the insurance policy underlying the dispute was not attached to Tardo's complaint. However, Integon attached the policy to its motion to dismiss.[11] Tardo makes reference to the policy in his complaint, and the policy is central to his claims.[12] Accordingly, the Court will consider the policy document in ruling on the instant motion to dismiss. *Collins,* 224 F.3d 496, 498–99.

To have standing to enforce an insurance policy, a plaintiff must be (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 641 (E.D. La.

---

[11] R. Doc. No. 5-3.
[12] R. Doc. No. 1-1, at 1, 2.

4

2019) (Feldman, J.) (citing *Brown v. Am. Mod. Home Ins. Co.*, No. 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (Lemmon, J.)) (further citations omitted). A court looks to the language of the policy to determine whether a plaintiff is a named insured, additional insured, or third-party beneficiary. *See Graphia v. Balbao Ins. Co.*, 517 F. Supp. 2d 854, 856 (E.D. La. Sept. 28, 2007) (Vance, J.).

In Louisiana, a contract for the benefit of a third party is referred to as a stipulation *pour autrui*. *Brown*, 2017 WL 2290268, at *4. "A stipulation *pour autrui* is never presumed" and the party claiming the benefit bears the burden to show that such a stipulation exists. *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So.2d 1206, 1212 (La. 2006). To do so, a plaintiff must show that "1) the stipulation for [the] third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Id.* The contract must confer a specific "direct benefit" in favor of the third party. *Id.*

As previously stated, Integon contends that Tardo lacks standing to enforce the policy.[13] It is undisputed that Tardo is not a named insured or additional named insured. Integon asserts that Tardo is not a third-party beneficiary because the policy "bestows no direct benefit on plaintiff; it was purchased by the lender to protect the lender's collateral only, and any benefit to the borrower would be purely incidental."[14] Integon further asserts that without a "valid, underlying, substantive claim upon

---

[13] R. Doc. No. 5, at 13.
[14] *Id.*

5

which insurance coverage is based," plaintiff's bad faith claims must fail.[15] Tardo acknowledges that Bank of America is the named insured, but argues that "[t]he property, BOA, and plaintiff are all beneficiaries of [the policy] . . . particularly since [Tardo] paid for the policy."[16]

This court and others have previously addressed similar standing issues with regard to lender-placed insurance policies. Courts have focused on whether the loss amount exceeds the lender's insurable interest (*i.e.*, the mortgage balance), and whether, under the policy, any loss amount exceeding that interest is to be paid to the borrower. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44 (5th Cir. 2010) (per curiam) (homeowner was not a third-party beneficiary of lender-placed policy where all policy benefits were payable to the lender, not to the borrower); *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 WL 2622997 (E.D. La. July 2, 2008) (Africk, J.) (homeowner qualified as a third-party beneficiary where homeowner could potentially recover, as direct payee, amounts in excess of the lender's interest); *D'Juve v. Am. Mod. Home Ins. Co.*, No. 14-2386, 2015 WL 1650259, at *2 (E.D. La. Apr. 14, 2015) (Lemmon, J.) (same as *Lee* in that the plaintiff might have qualified as a third-party beneficiary under the policy language; however, the losses that she claimed did not exceed the lender's interest).

---

[15] *Id.*
[16] R. Doc. No. 9, at 2.

Using this reasoning, courts have granted motions to dismiss where the plaintiff's complaint did not allege that the loss payment exceeded the mortgage balance. For example, in *Brown*, Judge Lemmon found that:

> [The complaint] does not allege facts sufficient to establish [third-party beneficiary] status because there is no information regarding the amount of insurance claim against American Modern or plaintiffs' mortgage balance. Without allegations demonstrating that the condition requiring American Modern to pay plaintiffs was triggered, i.e. that the amount of the loss exceeds the mortgage balance, plaintiffs' complaint does not sufficiently allege that there was a stipulation *pour autrui*, and plaintiffs have not stated a claim against American Modern for breaching the insurance contract.

2017 WL 2290268, at *5. In *Brown*, the court granted the motion to dismiss, and granted the plaintiff leave to amend the complaint. *Id.* at *8.[17]

In this matter, the policy contemplates that "[i]f the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled . . . to receive payment for any residual amount due for the LOSS."[18] Thus, under the policy, if the actual cash value of the damage exceeds Bank of America's insurable interest,

---

[17] Integon cites one case in this district that concluded that a homeowner could not be a third party beneficiary of a lender-placed policy even when the policy specifically stated that payments in excess of the mortgage balance would be paid to the borrower. *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2010 WL 11541602, at *8–9 (E.D. La. Apr. 1, 2010) (Duval, J.). That case found the reasoning of *Lee* and similar cases "unconvincing in that they fail to recognize the true purpose and intent of [lender-placed] insurance" and concluded that "[w]here there is no direct benefit outlined in the policy as purchased—such as there being no Content coverage or Additional Living Expense coverage, there is simply no evidence that such a contract was made to benefit the mortgagee." *Id.* at 9. The Court finds such logic unconvincing, as the policy language that contemplates payment to the borrower clearly indicates intent to benefit the borrower, as explained above. This conclusion is in accordance with more recent decisions on the issue. *E.g.*, *Brown*, 2017 WL 2290268, at *5.
[18] R. Doc. No. 5-4, at 17.

Integon will pay Tardo the excess amount. As in the cases cited above, this policy provision constitutes a clear intent to benefit the borrower (here, Tardo) in the event that the loss amount exceeds the mortgage balance. *Lee*, 2008 WL 2622997, at *4–5 (concluding that a similar policy provision conferred third party beneficiary status on the borrower). However, Tardo's complaint does not allege that the loss to be paid by Integon exceeds Bank of America's interest in the property.[19]

Without that information, as in *Brown*, Tardo has not sufficiently alleged that he has standing to enforce the insurance contract as a third-party beneficiary. And, because he has not sufficiently alleged the breach of contract claim, the bad faith claim also fails. *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2010) ("[A] plaintiff attempting to base her theory of recovery against an insurer on [Louisiana's bad faith statutes] must first have a valid, underlying, substantive claim upon which insurance coverage is based." (quotation and citation omitted)).

Therefore, the Court will grant Tardo leave to file an amended complaint alleging, if possible, specific facts demonstrating that he is able to recover as a third-party beneficiary of the contract.[20] *See Gary v. Am. Sec. Ins. Co.*, 21-706, 2021 WL

---

[19] The liability limit under the policy is $185,152. R. Doc. No. 5-3, at 11. Tardo's petition, which was filed in Louisiana state court before being removed by Integon, does not state the amount he seeks to recover.

[20] In his opposition, Tardo "requests that the Court defer ruling on this motion and grant the unopposed motion for stay" and that, "[i]f the case is returned to the docket, then plaintiff requests that he be allowed to submit the additional information he learns between now and then about the relationship between defendant and BOA, and that he be allowed to join BOA as a party at that time." R. Doc. No. 9, at 2–3. The Court has already denied the motion for a stay. R. Doc. No. 10. Tardo's request to "join BOA as a party" appears to be based on Tardo's allegation, raised in his opposition, that Integon "serves as the claim center for BOA." R. Doc. No. 9, at 2. The

2143061, at *3, 6 (W.D. La. May 26, 2021) (Cain, J.) (denying motion to dismiss and granting plaintiff leave to amend in similar circumstances).

## IV.   CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Tardo may file an amended complaint no later than **APRIL 24, 2023** to allege claims against Integon as specified herein, reserving Integon's right to re-urge the motion as to Tardo's amended complaint. If Tardo does not file an amended complaint by that date, Integon's motion to dismiss will be granted.

New Orleans, Louisiana, April 3, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

Court has not been provided with sufficient legal or factual information to assess this allegation and takes no position on it at this time.